UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KELVIN J. FULLER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09 CV 332 |
| | ) | |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Petitioner Kelvin Fuller submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing at the Westville Correctional Facility. Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, district courts are obligated to review a *habeas corpus* petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through *habeas corpus* petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and

"some evidence" to support the decision of the prison disciplinary board."
*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Fuller was charged with the offense of escape and pled guilty. The Disciplinary Hearing Board ("DHB") sanctioned him with a loss of sixty days of earned credit time, demoted him to a lower credit time earning classification, and sentenced him to one year in disciplinary segregation. Fuller appealed and the final reviewing authority affirmed the finding of guilt but modified "the Earned Credit Time deprivation to 30 days and the Time Earning Class demotion to be within the Executive directive guidelines." (Docket # 1-2 at 3.)

In his petition, Fuller states that executive directive # 09-07 provided that "the sanction(s) should have been at the max: segregation 30 days, Reduction in credit class 1 grade and loss of 30 days earned credit time." (Docket # 1-1 at 3.) He notes that in response to his administrative appeal, the final reviewing authority "modified the reduction in credit class and the loss of E.C.T. to fit with directive #09-07 but not the segregation (disciplinary) imposed." (*Id.*)

The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff*, 418 U.S. 539. Because the loss of good time credits increases the duration of a prisoner's confinement, *habeas corpus* is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But the Fourteenth Amendment's due process clause does not provide prisoners due process

protections from sanctions that do not affect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his sentence). "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998).

The petitioner pled guilty and he lost earned credit time, was demoted to a lower credit earning classification, and was sentenced to disciplinary segregation. In his petition for writ of *habeas corpus*, the petitioner does not raise any issue regarding the loss of earned credit time. He states that the DHB took more earned credit time from him and demoted him to a lower credit time earning classification than Indiana Department of Correction policy allows, but he concedes that this error was corrected in his administrative appeal.

The only claim the petitioner presents in his *habeas* petition is that the DHB should not have sentenced him to such a lengthy period in disciplinary segregation. But the length of time Fuller spends in disciplinary segregation does not affect the duration of his sentence, so he has not suffered a sanction that is actionable under Section 2254. Prisoners may not use Section 2254 to challenge DHB sanctions that do not affect the duration of their confinement. *Sylvester*, 140 F.3d at 714. The petitioner's request for a writ of *habeas corpus* must, therefore, be denied on its face based on RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT which allows for the dismissal of a petition because it plainly appears from the face of the petition that

3

the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

For the foregoing reasons, the court **DISMISSES** this petition pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT.

**SO ORDERED.**

**DATED**: September 8, 2009

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT